IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. AP-75,189






EX PARTE BRUCE ALBERT KIRK, Applicant









ON APPLICATION FOR WRIT OF HABEAS CORPUS 

CAUSE NUMBER 91575 

IN THE CRIMINAL DISTRICT COURT OF JEFFERSON COUNTY 




 Per curiam.



O P I N I O N



 This is an application for a writ of habeas corpus which was transmitted to this Court
by the clerk of the trial court pursuant to the provisions of Article 11.07, Section 3 of the
Texas Code of Criminal Procedure. Ex Parte Young, 418 S.W.2d 824, 826 (Tex. Crim. App.
1967). Applicant was convicted of failing to comply with sex offender registration
requirements and sentenced to two years in prison. Applicant's notice of appeal to the
Beaumont Court of Appeals was dismissed for want of jurisdiction. Kirk v. State, No. 09-04-249-CR (Tex. App. - Beaumont July 22, 2004). 

 Applicant claims that he was denied the right to appeal. In its findings of fact and
conclusions of law the trial court concludes, inter alia, that Applicant should have been
certified the right to appeal because the appeal was based on written pretrial motions filed
and ruled on before trial, and Applicant did not waive his right to appeal in the plea bargain
agreement. 

 Habeas corpus relief is granted, in part, and Applicant is granted leave to file an out-of-time notice of appeal from his conviction in cause number 91575 in the Criminal District
Court of Jefferson County, Texas. The proper remedy in a case such as this is to return
Applicant to the point at which he can give notice of appeal. For purposes of the Texas
Rules of Appellate Procedure, all time limits shall be calculated as if the conviction had been
entered on the day that the mandate of this Court issues. We hold that Applicant, should he
desire to prosecute an appeal, must take affirmative steps to see that notice of appeal is given
within thirty days after the mandate of this Court has issued.

 Applicant's remaining allegations are dismissed. Ex parte Torres, 943 S.W.2d 469
(Tex. Crim. App. 1997). 


DELIVERED: June 8, 2005

DO NOT PUBLISH